UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

Albert A. Borjas,
and other similarly
situated individuals,

      Plaintiff(s),

v.

Electrical Millsgut Enterprise LLC,
And Sergio Millan, individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Albert A. Borjas and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Electrical Millsgut Enterprise LLC and Sergio Millan, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act") and supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 USC §§1332 and 1367.

2. Plaintiff Albert A. Borjas is a resident of Osceola County, Florida. Plaintiff worked in Pasco County, within this Honorable Court jurisdiction, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Electrical Millsgut Enterprise LLC (from now on, Electrical Millsgut, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Miami-Dade County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual Defendant, Sergio Millan, was and is now, now the owner/partner/officer and manager of Defendant corporation Electrical Millsgut. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Pasco County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Albert A. Borjas as a collective action to recover from Defendants regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable Attorney's fees

under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2022, (the "material time") without being adequately compensated.

7. Defendant Electrical Millsgut was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a construction company that provides electrical services to commercial and residential clients. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated,

through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9. Defendants Electrical Millsgut and Sergio Millan employed Plaintiff Albert A. Borjas as a non-exempted, full-time employee from approximately August 8, 2022, to September 29, 2022, or 7 weeks.

10. During the relevant period, Plaintiff performed as an electrician, and he was paid an hourly rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

11. While employed by Defendants, Plaintiff worked six days per week, from Monday to Saturday. Plaintiff worked from Monday to Friday, from 7:00 AM to 5:30 PM (10.5 hours daily). On Saturday, he worked from 7:00 AM to 3:30 PM, or a total of 61 hours weekly. Plaintiff did not take bonafide lunchtime.

12. During his seven weeks of employment with Defendants, Plaintiff worked an average of 61 hours. Plaintiff was paid for all his hours worked at his regular rate, but he was not paid for overtime hours.

13. Furthermore, Defendants did not pay Plaintiff his wages for five consecutive weeks. Plaintiff was not paid at any rate, not even at the minimum wage rate

14. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

15. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of 29 USC §206, et seq. Defendants also failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

16. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

17. Plaintiff disagreed with his extended working hours and the lack of compensation for his work and services.

18. Plaintiff complained several times to his manager and owner of the business, Sergio Millan. Plaintiff complained about regular unpaid hours and overtime wages.

19. On or about September 30, 2022, Plaintiff was forced to leave his employment. Plaintiff could not continue working without compensation.

20. At the time of his constructive discharge, Defendants refused to pay Plaintiff his overdue wages.

21. At times mentioned, individual Defendant Sergio Millan was, and is now, the owner/partner/manager of Electrical Millsgut. Defendant Sergio Millan was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Electrical Millsgut's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Sergio Millan had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

22. Plaintiff Albert A. Borjas seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<u>COUNT I:</u>
<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>
<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>

26. Plaintiff Albert A. Borjas re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. This cause of action is brought by Plaintiff Albert A. Borjas as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2022, (the "material time") without being adequately compensated.

28. Defendants Electrical Millsgut and Sergio Millan employed Plaintiff Albert A. Borjas as a non-exempted, full-time employee from approximately August 8, 2022, to September 29, 2022, or 7 weeks.

29. During the relevant period, Plaintiff performed as an electrician, and he was paid an hourly rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

30. While employed by Defendants, Plaintiff worked six days per week, from Monday to Saturday, a total of 61 hours weekly. Plaintiff did not take bonafide lunchtime.

31. Plaintiff worked an average of 61 hours, Plaintiff was paid for all his hours at his regular rate, but he was not paid for overtime hours.

32. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

33. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

34. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

35. Plaintiff was forced to resign from his employment on or about September 30, 2022.

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

37. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

39. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

Three Thousand Two Hundred Thirteen Dollars and 00/100 ($3,213.00)

    b.  <u>Calculation of such wages</u>:

Total period of employment: 7 weeks
Relevant weeks of employment:  7 weeks
Total number of hours worked: 61 hours weekly
Total number of unpaid O/T hours: 21 O/T hours weekly
Regular rate: $18.00 x 1.5=$27.00-$18.00 O/T rate paid=$9.00
O/T rate: $27.00 an hour
Half-time O/T: $9.00 an hour

1.- Half-time for two weeks paid at regular rate
 $9.00 x 21 O/T hours=$189.00 weekly x 2 weeks=$378.00

2.- O/T at the rate of time and one-half for five weeks paid at $0.00
$27.00 x 21 O/T hours=$567.00 weekly x 5 weeks= $2,835.00

Total #1 and #2: $3,213.00

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages.[1]

40. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

42. Defendants Electrical Millsgut and Sergio Millan willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

43. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Albert A. Borjas and those similarly situated respectfully request that this Honorable Court:

    A. Enter judgment for Plaintiff Albert A. Borjas and other similarly situated

individuals and against the Defendants Electrical Millsgut and Sergio Millan based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Albert A. Borjas actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Albert A. Borjas demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

44. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-25 of this Complaint as if set out in full herein.

45. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages,

costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day, and

(C) $7.25 an hour, beginning 24 months after that 60th day.

46. Defendants Electrical Millsgut and Sergio Millan employed Plaintiff Albert A. Borjas as a non-exempted, full-time employee from approximately August 8, 2022, to September 29, 2022, or 7 weeks.

47. During the relevant period, Plaintiff performed as an electrician, and he was paid an hourly rate of $18.00 an hour.

48. While employed by Defendants, Plaintiff worked six days per week, from Monday to Saturday, a total of 61 hours weekly. Plaintiff did not take bonafide lunchtime.

49. During his seven weeks of employment with Defendants, Plaintiff worked an average of 61 hours. Defendant paid Plaintiff regular wages for just two weeks.

50. However, Defendants did not pay Plaintiff his wages for five consecutive weeks. Plaintiff was not paid at any rate, not even at the minimum wage rate.

51. Plaintiff worked 61 hours weekly, but Defendants did not pay Plaintiff his wages timely on the payment day.

52. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

53. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

54. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

55. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

56. On or about September 30, 2022, Plaintiff was forced to resign from his employment due to missing payment for hours worked.

57. At the time of his constructive discharge, Defendants denied payment of the five accumulated workweeks.

58. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

59. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

60. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

61. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

Two Thousand Dollars and 00/100 ($2,000.00)

    b.  <u>Calculation of such wages</u>:

Total period of employment: 7 weeks
Total number of unpaid weeks: 5 weeks
Total number of unpaid hours: 40 hours weekly
Fl Minimum wage 2022: $10.00

$10.00 x 40  hours=$400.00 weekly x 5 weeks= $2,000.00

    c.  <u>Nature of wages</u>:

This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

62. Defendants Electrical Millsgut and Sergio Millan unlawfully failed to pay minimum wages to Plaintiff.

63. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

64. Defendants Electrical Millsgut and Sergio Millan willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

65. Plaintiff has retained the law offices of the undersigned Attorney to represent him individually and on behalf of the asserted class and incurred Attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable Attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Albert A. Borjas respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Electrical Millsgut and Sergio Millan based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Albert A. Borjas and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

### COUNT III:
### FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE;PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

66. Plaintiff Albert A. Borjas re-adopts every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

67. Defendant Electrical Millsgut was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

68. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

69. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

70. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

71. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be

instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

72. Defendants Electrical Millsgut and Sergio Millan employed Plaintiff Albert A. Borjas as a non-exempted, full-time employee from approximately August 8, 2022, to September 29, 2022, or 7 weeks.

73. During the relevant period, Plaintiff performed as an electrician, and he was paid an hourly rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

74. While employed by Defendants, Plaintiff worked six days per week, from Monday to Saturday, a total of 61 hours weekly.

75. During his seven weeks of employment with Defendants, Plaintiff worked an average of 61 hours. Plaintiff was paid for all his hours worked at his regular rate, but he was not paid for overtime hours.

76. Furthermore, Defendants did not pay Plaintiff his wages for five consecutive weeks. Plaintiff was not paid at any rate, not even at the minimum wage rate

77. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

78. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of 29 USC §206, et seq. Defendants also failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

79. Plaintiff disagreed with his extended working hours and the lack of compensation for his work and services.

80. Plaintiff complained several times to his manager and owner of the business, Sergio Millan. Plaintiff complained about regular unpaid hours and overtime wages.

81. Plaintiff complained about unpaid wages for the last time on or about September 24, 2022. Defendants ignored Plaintiff's requests.

82. On or about September 30, 2022, Plaintiff was forced to leave his employment. Plaintiff could not continue working without compensation.

83. At the time of his constructive discharge, Defendants refused to pay Plaintiff his overdue wages.

84. On or about September 30, 2022, Defendants Electrical Millsgut and Sergio Millan constructively discharged Plaintiff Albert A. Borjas

85. Defendants deliberately created for Plaintiff working conditions so intolerable that a reasonable person in similar circumstances would have felt compelled to resign.

86. Defendants' constructive discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

87. Plaintiff Albert A. Borjas has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable Attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Albert A. Borjas respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Electrical Millsgut and Sergio Millan that Plaintiff Albert A. Borjas recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendants Electrical Millsgut and Sergio Millan  to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Albert A. Borjas further prays for such additional relief as the interests of justice may require.

Demand for a Jury Trial

Plaintiff Albert A. Borjas demands a trial by a jury of all issues triable as a right by a jury.

**COUNT IV**
**UNPAID WAGES  (COMMON LAW) – 448.08**
**AGAINST ALL DEFENDANTS**

88. Plaintiff Albert A. Borjas re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

89. At all times material hereto, Plaintiff was an employee of the Corporate Defendant Electrical Millsgut and the individual Defendant Sergio Millan.

90. Defendants Electrical Millsgut and Sergio Millan employed Plaintiff Albert A. Borjas as a full-time, non-exempted electrician from August 8, 2022, to September 29, 2022, or 7 weeks.

91. At the time of his hiring, Defendants offered Plaintiff as compensation for his work an hourly rate of $18.00. Defendants promised to pay Plaintiff for the full value of his work and services.

92. Plaintiff worked six days per week, 61 hours weekly, but he was not paid timely.

93. Furthermore, Defendants did not pay Plaintiff for five consecutive weeks.

94. Plaintiff complained several times to the owner of the business Sergio Millan. Plaintiff complained about the lack of payment for regular and overtime hours.

95. On or about September 24, 2022, Plaintiff complained for the last time because he did not receive his wages for the week.

96. However, Defendants ignored Plaintiff's multiple requests for wages.

97. Plaintiff was forced to resign from his employment on or about September 30, 2022.

98. At the time of his resignation, Defendants did not pay Plaintiff his wages corresponding to five consecutive weeks, or a total of Three Thousand Six Hundred Dollars and 00/100 ($18.00 x 40 hours=$720.00 weekly x 5 weeks=$3,600.00).

99. Therefore, Defendants willfully did not pay Plaintiff for the full value of his work and services, as promised and required by law.

100.    This is an action in common law.

101.    Plaintiff Albert A. Borjas has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Albert A. Borjas respectfully requests that this Honorable Court enter a judgment against Defendants Electrical Millsgut and Sergio Millan that :

A.  Award the Plaintiff Albert A. Borjas unpaid wages found to be due and owing;

B.  Award the Plaintiff prejudgment interest;

C.  Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

D.  Order such other relief as this Court deems just and equitable.

<u>Demand for a Jury Trial</u>

Plaintiff Albert A. Borjas and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT V:
## BREACH OF EMPLOYMENT CONTRACT
## AGAINST ALL DEFENDANTS

102.     Plaintiff re-states and re-alleges paragraphs 1-22 as if outlined in full herein.

103.     On or about August 8, 2022, Plaintiff Albert A. Borjas and Defendants Electrical Millsgut and Sergio Millan entered into a contract (hereinafter the "Employment Contract") by which Plaintiff agreed to serve Defendant as a full-time, non-exempted electrician.

104.     Plaintiff worked for Defendants from August 8, 2022, to September 29, 2022, or 7 weeks.

105.     Defendants entered into an employment contract with Plaintiff Albert A. Borjas by agreeing to pay Plaintiff for the full value of his work and services.

106.     At the time of his hiring, Defendants offered Plaintiff as compensation for his work an hourly rate of $18.00.

107.     Plaintiff worked regularly and consistently six days per week, 61 or more hours, but he was not paid timely.

108.     Furthermore, Defendants did not pay Plaintiff for five consecutive weeks.

109.     Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working a minimum of six days with 61 working hours weekly.

110.     Therefore, Defendants willfully failed to pay Plaintiff for the full value of his work and services, as promised and required by law.

111.     Plaintiff complained several times to the owner of the business Sergio Millan. Plaintiff complained about the lack of payment for regular and overtime hours.

112.     On or about September 24, 2022, Plaintiff complained for the last time because he did not receive his wages for the week.

113.     However, Defendants ignored Plaintiff's multiple requests for wages.

114.     Plaintiff was forced to resign from his employment on or about September 30, 2022.

115.     At the time of his resignation, Defendants did not pay Plaintiff his wages corresponding to five consecutive weeks, or a total of Three Thousand Six Hundred Dollars and 00/100 ($18.00 x 40 hours=$720.00 weekly x 5 weeks=$3,600.00).

116.     There is a substantial number of weeks that were not compensated at any rate, according to the contract.

117. At all times during his employment, Plaintiff fulfilled his obligations under the contractual agreement entered into with Defendants. Plaintiff performed and excelled at the essential functions of his position.

118. However, Defendants Electrical Millsgut and Sergio Millan breached their contract with Plaintiff by failing to pay Plaintiff wages corresponding to five weeks of six days with 61 working hours each.

119. Plaintiff was not paid as promised and outlined in their contractual agreement.

120. Defendants Electrical Millsgut and Sergio Millan breached their contract with Plaintiff Albert A. Borjas by failing to pay him wages for the total amount of Three Thousand Six Hundred Dollars and 00/100 ($18.00 x 40 hours=$720.00 weekly x 5 weeks=$3,600.00).

121. As a result of the Defendants' breach, Plaintiff Albert A. Borjas has suffered actual, consequential, and incidental damages.

122. Defendants' conduct is in breach of the employment contract and the good faith and fair dealing found in every contract, including the contract entered into between Plaintiff Albert A. Borjas and Defendants Electrical Millsgut and Sergio Millan.

123. Plaintiff Albert A. Borjas is entitled to damages as a result of Defendant's breach of contract, as further stated above.

124.    Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorney's fees.

## Prayer for Relief

Wherefore, Plaintiff Albert A. Borjas respectfully requests that this Honorable Court enter a judgment against Defendants Electrical Millsgut and Sergio Millan that :

A.  Award the Plaintiff Albert A. Borjas unpaid wages found to be due and owing;

B.  Award the Plaintiff prejudgment interest;

C.  Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

D.  Order such other relief as this Court deems just and equitable.

## Demand for a Jury Trial

Plaintiff Albert A. Borjas demands trial by a jury of all issues triable as a right by a jury.

Date:  February 27, 2023

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.

Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*